1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. LAND, | ) 1:16-cv-01494-LJO-BAM |
| | ) |
| Plaintiff, | ) |
| | ) ORDER GRANTING APPLICATION TO |
| v. | ) PROCEED IN FORMA PAUPERIS |
| | ) |
| BANK OF AMERICA, | ) ORDER DISMISSING COMPLAINT WITH |
| | ) LEAVE TO AMEND |
| Defendants | ) |
| | ) THIRTY-DAY DEADLINE |
| | ) |
| | ) |
| | ) |

Plaintiff Mark S. Land ("Plaintiff"), proceeding pro se, initiated this action on October 5, 2016.  Plaintiff alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, by Defendant Bank of America.  (Doc. 1).  In conjunction with his complaint, Plaintiff filed an application to proceed in forma pauperis.  (Doc. 2).

**Request to Proceed without Payment of Fees**

Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a).  Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

**Screening**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

### Plaintiff's Allegations

Plaintiff alleges that the "Defendant did not finalize loan modification as promised, wrongful forclosure [sic], racketeering, [intentional] avoidance." (Doc. 1 at p. 5). Plaintiff alleges that on January 1, 2014, the "house was sold, trustee sale, being har[]assed." (*Id.* at p. 6). Plaintiff seeks an injunction to stop a possible trust deed sale and reversal of the foreclosure.

### Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to

amend his complaint.  To assist Plaintiff, the Court provides the following pleading and legal standards that appear applicable to his claims.

### 1.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint lacks basic factual information, including what happened, when, where and who was involved.  If Plaintiff elects to file an amended complaint, he must provide sufficient factual information to state a claim for relief that is plausible on its face.

### 2.  RICO

Plaintiff appears to assert a violation of the federal RICO statute, which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity [.]"  18 U.S.C. § 1962(c).  To state a claim under § 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, SPRL v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).  Here, Plaintiff has not alleged any of the necessary elements to state a RICO claim.

### 3.  Wrongful Foreclosure

Plaintiff also appears to allege a claim for wrongful foreclosure.  To state a claim for wrongful foreclosure, a plaintiff must allege that (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) he was prejudiced or harmed; and (3) he tendered the amount of the secured

1   indebtedness or was excused from tendering.  *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104,

2   134 Cal.Rptr.3d 622 (2011); *Morgensen v. Downey Sav. and Loan Assoc.*, No. 5:15-cv-02000-

3   HRL, 2016 WL 234430, at *6 (N.D. Cal. Jan. 20, 2016) (same).  Here, Plaintiff does not allege

4   any facts to state a plausible claim for wrongful foreclosure.

## CONCLUSION AND ORDER

6       Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

7   state a cognizable claim.  As Plaintiff is proceeding pro se, the Court will provide him an

8   opportunity to amend his complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

9   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

10  complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

11      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

12  the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-

13  79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

14  [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555

15  (citations omitted).

16      Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

17  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's

18  amended complaint must be "complete in itself without reference to the prior or superseded

19  pleading."  Local Rule 220.

20      Based on the foregoing, it is HEREBY ORDERED that:

21      1.      Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil

22  Procedure 8 and failure to state a cognizable claim;

23      2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a

24  first amended complaint; and

25  ///

26  ///

27  ///

28

3.      **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **October 17, 2016**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE